IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALLORY RUSCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-00029-JMB |
| ) | |
| CITY OF ST. LOUIS, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE JURY DEMAND

In support of her motion to strike Defendant's jury demand, Plaintiff submits the following:

**I.  Background**

On January 8, 2021, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendant seeking declaratory judgment, injunctive relief, and nominal damages. ECF No. 1. She moved for a preliminary injunction on January 15, 2021. ECF No. 7. Defendant filed its answer on February 12, 2021. ECF No. 16. Defendant's answer includes a demand for trial by jury. *Id*.

**II.  Argument**

Defendant is not entitled to a jury trial on Plaintiff's claims for equitable relief, and a claim for nominal damages is insufficient to trigger the Seventh Amendment right to a trial by jury.

"When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action." Fed. R. Civ. P. 39(a). "The trial on all issues so demanded must be by jury unless . . . the court, on motion or on its own, finds that on some or all of those issues

1

there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). Here, there is no federal right to a jury trial.

There is no statutory right to a jury trial under § 1983. *City of Monterey v. Del Monte Dunes at Monterey*, 526 U.S. 687, 707 (1999). In the absence of a statutory right to trial by jury, the question is whether the Seventh Amendment guarantees a right to trial by jury on the § 1983 claim at issue. *Id.* at 708. "It is settled law that the Seventh Amendment does not apply" in some contexts, including "suits seeking only injunctive relief" and "suits seeking only equitable relief." *Id.* at 719. As to Plaintiff's claims for equitable relief, Defendant has no Seventh Amendment right to a jury trial.

The Seventh Amendment provides:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law. U.S. CONST. AMEND. VII.

The Supreme Court adopted a two-prong inquiry to determine whether the Seventh Amendment requires a jury trial. First, a court must determine whether the cause of action was tried at law at the time the Seventh Amendment was adopted or is analogous to a cause of action that was so tried. *City of Monterrey*, 526 U.S. at 719. If it was not, then there is no right to a jury trial. If it was, then the court must next determine "whether the particular trial decision must fall to the jury in order to preserve the substance of the common-law right as it existed in 1791." *Id.* (internal citations omitted).

The *Monterrey* Court concluded that the Seventh Amendment applies not only to common-law causes of action, but also to statutory causes of action "'analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, *as opposed to*

2

*those customarily heard by courts of equity* or admiralty." *Id*. at 708-9 (emphasis added, internal citations omitted). Thus, the Court held "that a § 1983 suit seeking legal relief is an action at law within the meaning of the Seventh Amendment." *Id*. at 709. The holding was premised on the settled proposition that "the Seventh Amendment jury guarantee extends to statutory claims unknown to the common law, so long as the claims can be said to 'soun[d] basically in tort,' and seek legal relief." *Id*. (internal citations omitted). In *Monterrey*, the Court found a right to a jury trial because the plaintiff sought damages. "Damages for a constitutional violation are a legal remedy." *Id.*

This case does not pass the first prong's inquiry. The question is whether Plaintiff's claims against Defendants not only "sound in tort" but also constitute a "suit for legal relief." *Id.* at 709-10. Plaintiff is aware of no precedent that would support a proposition that her equitable claims are, or are analogous to, "common-law cause[s] of action ordinarily decided by English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty." *Id.* at 708-9 (internal citations omitted). To the contrary, her request for an injunction is a classic example of an equity case.

In addition, *Monterrey* makes clear that challenges like this are not within the province of a jury. The Court noted that its holding concerning the right to jury trial "does not extend" to a case raising "a broad challenge to the constitutionality of [municipal ordinances]." *Id.* at 722. In such cases, the determination of whether the purposes of the challenged law were legitimate or whether the purposes, though legitimate, were furthered by the ordinances, "might well fall within the province of the judge." *See id.* Plaintiff's claims assert just the type of broad challenge that the Supreme Court recognized to be within the province of the judge.

3

Even were the first prong on the inquiry satisfied, the second prong would not be. The constitutional issues Plaintiff has raised in this case are <u>not</u> "particular trial decision[s] [that] must fall to the jury in order to preserve the substance of the common-law right as it existed in 1791." *Id.* at 708. Accordingly, the issues are within the province of the court, not a jury. *See, e.g.*, *Kermode v. Univ. of Mississippi Med. Ctr.*, No. 3:09CV584-DPJ-FKB, 2013 WL 12221357, at *3 (S.D. Miss. Mar. 6, 2013) (granting motion to strike jury demand where only remaining claims were for equitable relief); *Harty v. Tathata, Inc.*, No. 5:10-CV-00113-FL, 2010 WL 3186883, at *1 (E.D.N.C. Aug. 11, 2010) (granting plaintiff's motion to strike defendant's jury demand where only equitable relief is sought); *Sharer v. Oregon*, No. 04-CV-1690-BR, 2007 WL 3348265, at *3 (D. Or. Nov. 6, 2007) (striking plaintiff's jury demand because only claims were for equitable relief).

The conclusion does not change because of Plaintiff's request for nominal damages.[1] The issue of whether a defendant has a right to a jury trial in a § 1983 case alleging violation of the First Amendment and seeking declaratory and injunctive relief as well as nominal damages is thoroughly discussed in *Doe v. Barrow County*, No. 2:03-cv-156-WCO, 2005 WL 6033020 (N.D. Ga.). Based on the reasoning of the *Barrow County* Court, the cases upon which that Court relied, and applicable precedent from the Eighth Circuit, there is no right to a jury trial on any claim in this case.

As discussed, any right to a jury trial in a § 1983 case comes from the Seventh Amendment, which preserves the right of trial by jury in suits where the value in controversy

---

[1] Courts have grappled with under what circumstances nominal damages in a civil rights enforcement case such as this are themselves equitable relief. *See Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 869–74 (9th Cir. 2017). In the present context, it is not necessary for this Court to endeavor to classify nominal damages as legal or equitable because the nominal damages sought here do not satisfy the amount-in-controversy requirement of the Seventh Amendment.

4

exceeds twenty dollars. *Barrow County*, at *2. (quoting U.S. CONST. AMEND. VII). "Where both damages and equitable relief are involved, moreover, the court will try any equitable issues while the jury will try the damage issue." *Id.* (citing *Curtis v. Loether,* 415 U.S. 189, 198 (1974)). *Barrow County* is similar to this case. There the plaintiff sough declaratory judgment, an injunction, and a judgment for nominal damages. *Id.* at *3. The Court observed,

> An action seeking injunctive and declaratory relief is equitable in nature and not entitled to a jury trial. *See Wilson v. Bailey,* 934 F.2d 301, 305 n. 4 (11th Cir.1991). As a result, plaintiff's first two requests for relief arise in equity and are issues solely for the court's determination. Plaintiff's request for an award of nominal damages, however, requires further consideration[.]

*Id.*; *see also Black v. Boyd*, 248 F.2d 156 (6th Cir. 1957) (an action that is equitable by nature is not triable by a jury). The issue then becomes whether a claim for nominal damages is a claim in excess of twenty dollars because a smaller claim is insufficient to make the Seventh Amendment right to trial by jury applicable. *Barrow County*, at *3 (*citing Burt v. Abel*, 583 F.2d 613, 619 n.7 (4th Cir. 1978)).

Plaintiff's request for nominal damages is not a claim in excess of twenty dollars. One dollar is recognized as an appropriate value for nominal damages. *Corpus v. Bennett*, 430 F.3d 912, 916 (8th Cir. 2005). "'Nominal damages are damages in name only, trivial sums such as six cents or $1.'" *Utah Animal Rights Coalition v. Salt Lake City*, 371 F.3d 1248, 1264 (10th Cir. 2004) (McConnell, J., concurring) (*quoting* 1 Dan B. Dobbs, *Dobbs Law of Remedies* § 3.3(2), at 294 (2d ed. 1993)). They are "'a trivial sum—usually one cent or one dollar—awarded to a plaintiff whose legal right has been technically violated but who has proven no damage.'" *Borrow County*, at *5 (quoting *Howard v. International Molders & Allied Workers Union*, 779 F.2d 1546, 1553 (11th Cir. 1986)).

This is not to diminish the importance and non-monetary value of nominal damages. *See Lowry ex rel. Crow v. Watson Chapel Sch. Dist.*, 540 F.3d 752, 762 (8th Cir. 2008) ("nominal damages must be awarded when a plaintiff establishes a violation of the right to free speech"). Nominal damages are particularly important to vindicating constitutional rights. *See Riverside v. Rivera*, 477 U.S. 561, 574 (1986) (plurality opinion). The role of damages is essential to redeeming constitutional rights after a violation and may be awarded even if damages are not expressly sought in the complaint. *See New York State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525, 1535 (2020) (Alito, J., dissenting). While the monetary value of a nominal damage award must, by definition, be negligible, its value can be of great significance to the litigant and to society." *Amato v. City of Saratoga Springs*, 170 F.3d 311, 317 (2d Cir. 1999). Thus, even where "the . . . receipt of nominal damages did little for Plaintiffs personally, their victory undoubtedly signaled . . . the importance of ensuring that [governmental] regulations do not intrude upon our most basic constitutional and democratic rights." *Project Vote/Voting for Am., Inc. v. Dickerson*, 444 F. App'x 660, 664 (4th Cir. 2011) (per curiam).

Plaintiff has expressly limited her potential non-prospective relief to nominal damages. She has made no demand for actual damages nor made any attempt to allege that any actual damages exist. *See Barrow* County, at *5. To the extent there is any concern that the nominal damages claimed in this case could exceed the trivial, symbolic amount that is generally presumed, Plaintiff expressly represents to this Court that she does not seek nominal damages of more than one dollar in this case. This is consistent not only with the common law understanding of nominal damages but also with Plaintiff's allegations in this case and the Eighth Circuit model jury instruction on nominal damages.

6

Because the amount in dispute is less than twenty dollars, there is no Seventh Amendment right to a jury trial for any party in this case. In addition, there is also no statutory right to a jury trial in this case. The jury demand should be stricken from Defendant's answer.

Respectfully submitted,

/s/ Anthony E. Rothert
Anthony E. Rothert, #44827MO
Jessie Steffan, #64861MO
Omri E. Praiss, #41850MO
Kayla DeLoach, #72424MO
Molly E. Carney, #70570MO
ACLU of Missouri Foundation
906 Olive Street, Ste. 1130
St. Louis, Missouri 63101
Phone: (314) 652-3114
arothert@aclu-mo.org
jsteffan@aclu-mo.org
opraiss@aclu-mo.org
kdeloach@aclu-mo.org
mcarney@aclu-mo.org

Gillian R. Wilcox, #61278MO
ACLU of Missouri Foundation
406 West 34th Street, Ste. 420
Kansas City, Missouri 64111
Phone: 816/470-9938
Fax: 314/652-3112
gwilcox@aclu-mo.org

**Attorneys for Plaintiff**